12-3713-cv
Phillips v. Generations Family Health Center

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand thirteen.

Present:
      ROBERT A. KATZMANN,
      BARRINGTON D. PARKER, JR.,
         *Circuit Judges*,
      MIRIAM GOLDMAN CEDARBAUM,
         *District Judge*.[*]

---

CHRISTOPHER PHILLIPS, Administrator for the
Estate of Karen Cato,

      *Plaintiff-Appellant*,

        v.                      No. 12-3713-cv

GENERATIONS FAMILY HEALTH CENTER,

      *Defendant-Appellee*.

---

[*] The Honorable Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

| For Plaintiff-Appellant: | GERHARDT M. NIELSEN, Pegalis & Erickson, LLC, Lake Success, NY (Vincent M. DeAngelo, Offices of Vincent DeAngelo, LLC, Weatogue, CT, *on the brief*). |
|---|---|
| For Defendant-Appellee: | LAUREN M. NASH (David C. Nelson & Sandra S. Glover, *on the brief*), Assistant United States Attorneys *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT. |

Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **VACATED and REMANDED.**[1]

Plaintiff-Appellant Christopher Phillips appeals from an August 20, 2012, judgment of the United States District Court for the District of Connecticut (Bryant, *J.*), which dismissed Phillips's tort claim for lack of subject matter jurisdiction. Phillips, as the administrator of Karen Cato's estate, sued Generations Family Health Center ("Generations") in Connecticut state court, alleging that the defendant negligently failed to timely diagnose the colon cancer that caused Cato's death. Generations, however, receives federal funding under the Public Health Service Act and has been "deemed" a federal employee by the Department of Health and Human Services ("HHS"). *See* 42 U.S.C. § 233(g)-(n). In other words, Phillips's tort suit against Generations was in effect a suit against the United States. The case was accordingly removed to

---

[1] Although we agree with the district court concerning the issues discussed in this summary order, we vacate and remand for the reasons discussed in a separate Opinion filed simultaneously with this order.

federal court, and the district court concluded that Phillips had failed to file a timely administrative claim with HHS as required by the Federal Tort Claims Act ("FTCA").

Phillips contends that the district court should have dismissed his claim without prejudice and granted him leave to file an administrative claim with HHS because he is eligible to take advantage of the savings clause of the so-called Westfall Act. Specifically, he argues that the district court erred in determining the date of accrual for his claim and in determining the date on which his Connecticut state court action commenced. For the reasons explained below, we reject these arguments. He alternatively contends that the district court should have equitably tolled the statute of limitations. We address this argument in a separate Opinion filed simultaneously with this Summary Order.

Under the Westfall Act, where a plaintiff has mistakenly filed his or her tort suit against a private party instead of the federal government, an administrative claim filed after the federal government has been substituted as the proper party "shall be deemed to be timely presented . . . if . . . the claim would have been timely [under the FTCA's two-year statute of limitations] had it been filed on the date the underlying civil action was commenced." 28 U.S.C. § 2679(d)(5). As a practical matter, if the savings clause applies, the district court dismisses the plaintiff's suit without prejudice and grants the plaintiff leave to file a claim with the appropriate agency. *See id.* The district court here determined that Phillips did not meet the requirements of the savings clause and dismissed the lawsuit with prejudice.

Phillips first argues that his state law action was "commenced" within the FTCA's two-year statute of limitations because the limitations period did not begin to run until mid-July of 2009 (*i.e.*, less than two years before Phillips filed his "underlying civil action" in Connecticut

3

on June 30, 2011). We agree with the district court, however, that the claim accrued at the latest on April 27, 2009 when Phillips first consulted an attorney about the possibility of legal action.

Under the FTCA, a claim accrues "when the plaintiff knows, or should know, enough of the critical facts of the injury and causation to protect himself by seeking legal advice." *Kronisch v. United States*, 150 F.3d 112, 121 (2d Cir. 1998) (internal quotation marks omitted). This "is not an exacting requirement," *id.*, and merely requires that the plaintiff is "told of or ha[s] reason to suspect that the injury . . . suffered related in some way to the medical treatment . . . received," *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 142 (2d Cir. 2011) (quoting *Valdez ex rel. Donely v. United States*, 518 F.3d 173, 177, 180 (2d Cir. 2008) (internal alteration omitted)). In *A.Q.C.*, we recently held that a plaintiff's medical malpractice claim accrued at the latest when she consulted with counsel because, at that point, it was "beyond question" that she was "sufficiently on notice" of the need to protect her legal rights. *Id.* at 143. We did not adopt a categorical rule that consultation with an attorney *always* triggers the limitations period, specifically noting that "it is not the attorney consultation itself that triggers the accrual date, but the acquisition . . . of sufficient information suggesting" the need to seek legal advice. *Id.* However, we indicated that the plaintiff's decision to seek legal advice for a potential malpractice claim was strong evidence that the information possessed by the plaintiff at the time was enough to alert her to the need to seek such advice. *See id.* at 141-42.

Here, the district court found that Phillips as well as Cato's adult son, Zane Deshong, both knew that Cato had consulted with an attorney about a possible malpractice claim and, hence, that they had reason to suspect that Cato thought her injuries were related to her medical

4

treatment.[2]   Phillips then acted upon this information by calling the same law firm that had

initially advised Cato.  We see no error in the district court's conclusion that this knowledge was

enough to suggest to Phillips and Deshong that they should "protect [themselves] by seeking

legal advice." *Kronisch*, 150 F.3d at 121.  "On this combination of facts, a reasonable person

was surely in a position to understand that it would make sense to inquire into the possibility that

the injury was [doctor-caused,] [a]nd indeed [Phillips and Deshong] drew exactly that

conclusion." *A.Q.C.*, 656 F.3d at 143.

Phillips contends that he did not have the requisite knowledge to trigger the statute of

limitations because he did not know in April of 2009 whether Generations's actions were

negligent.  However, the Supreme Court has explicitly held that the limitations period begins to

run in FTCA medical malpractice cases once the plaintiff knows enough to suspect that the

injury was caused by his treatment even if he or she has no reason to suspect that the treatment

was negligent. *See United States v. Kubrick*, 444 U.S. 111, 122-24 (1979).  Therefore, Phillips's

contention that his claim did not accrue until mid-July of 2009 is without merit.

Phillips alternatively argues that, even if the claim accrued on April 27, 2009, the

Westfall Act can still save his suit because he "commenced" his underlying state action on

---

[2]   Because Deshong did not submit an affidavit, there is no direct evidence that Deshong knew by April 27, 2009, that his mother had met with a lawyer about a potential malpractice claim.  However, the district court did not clearly err in finding that Deshong knew about the potential claim by that date given that Phillips explicitly informed his lawyer Gerhardt Nielsen on April 27 that Deshong would call Nielsen for legal assistance. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (holding that a district court's factual findings on a motion to dismiss for lack of subject matter jurisdiction are reviewed for clear error); *see also Shipping Fin. Serv. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (holding that courts on motions to dismiss for lack of subject matter jurisdiction are not required to draw all inferences in the plaintiff's favor).  Moreover, Phillips—not Deshong—is the plaintiff in this case, and Phillips certainly knew that Cato had met with attorneys at Pegalis about a malpractice claim.

March 31, 2011, when he filed a petition with the Connecticut trial court for an extension of the state statute of limitations. This argument is also without merit, however. The Connecticut statute allowing a party to file a petition for an extension makes clear that the petition does not commence anything and merely allows a party to have an additional ninety days to make a "reasonable inquiry" into whether there is a good faith belief to file suit. *See* Conn. Gen. Stat. § 52-190a(b). Indeed, Phillips's petition itself notes that the defendant's alleged actions "*may give rise to a claim*" and that a claim "*may* be brought." App'x at 17 (emphases added).

For the reasons stated herein, we agree with the district court that Phillips's claim accrued at the latest on April 27, 2009, and that his petition for an extension of time did not "commence" his action for purposes of the Westfall Act. However, as explained in our separate Opinion issued simultaneously with this Summary Order, we nonetheless **VACATE and REMAND** the judgment of the district court on other grounds.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK